# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FRANKIE SANCHEZ | : | |
| Petitioner | : | |
| v. | : | Civil Action No. WDQ-07-1327 |
| | | Criminal Action No. WDQ-92-301 |
| UNITED STATES OF AMERICA | : | |
| Respondent | | |

o0o

## **MEMORANDUM**

On June 14, 1993, the Court sentenced Frankie Sanchez to two concurrent life terms and a concurrent forty year term after he was convicted of conspiracy to distribute and possess with intent to distribute heroin and fentanyl in violation of 21 U.S.C. §§ 846 and 841. Sanchez noted an appeal which was denied. *See United States v. Sanchez*, Criminal Action No. WDQ-92-301 (D. Md.). Sanchez now seeks to challenge his 1993 convictions by way of a Motion to Vacate, Set Aside, or Correct Sentence, filed on April 10, 2007. Paper No. 598. Upon review of the pleadings filed in this matter, the Court concludes that the instant Motion is time-barred for the reasons set forth below.

A motion to vacate, set aside, or correct a federal sentence must be filed within one year from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255.[1] For federal

---

[1] Section 28 U.S.C. §2255 provides in pertinent part:
A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

criminal defendants who do not file a timely petition for certiorari on direct review, the one-year limitation period starts to run when the time for seeking such review expires. *See Clay v. United States*, 537 U.S. 522, 524 (2003). The time during which Sanchez could have petitioned for certiorari expired 90 days after entry of the Court of Appeals' judgment. *See* Sup. Ct. R. 13(1); *see also Clay v. United States*, 537 U.S. 522, 525 (2003). Sanchez's direct appeal was denied on May 18, 1995. His conviction became final ninety days thereafter.

This action was not filed until April 10, 2007, nearly twelve years after Sanchez's case became final and eleven years after the enactment of the limitations period under the Antiterrorism and Effective Death Penalty Act ["AEDPA"]. Consonant with *United States v. Sosa,* 364 F.3d 50, 512 (4th Cir.2004) and *Hill v. Braxton,* 277 F.3d 701, 707 (4th Cir. 2002), the Court granted Sanchez thirty days to demonstrate why the petition is timely or why equitable tolling is warranted. Paper No. 602, Criminal Action No. WDQ-92-301.

In his response, Sanchez contends that he requested his defense attorney file a motion under § 2255, and that he was advised by counsel the motion had been filed. Paper No. 603. In support of his contention, he provided a copy of a letter sent to his defense attorney on April 10, 2006, inquiring about the status of his motion to vacate which was returned to him undeliverable. Sanchez has also provided the Court a copy of correspondence sent to him from his defense attorney on April 1, 1997, indicating the attorney had been unable to locate Sanchez's criminal file, and indicating counsel's belief that he had previously sent the criminal file to Sanchez. Paper No. 603, Attachments.

---

Supreme Court and made retroactively applicable to cases on collateral review;  or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year limitation period is subject to equitable tolling where a petitioner demonstrates there are "1) extraordinary circumstances, 2) beyond his control or external to his own conduct, 3) that prevented him from filing on time." *United States v. Sosa*, 364 F. 3d 507, 512 (4th Cir. 2004) (citing *Rouse v. Lee*, 2339 F.3d 238, 246 (4th Cir. 2003) (en banc). A petitioner must establish (1) wrongful conduct by a respondent contributed to the delay in filing or (2) circumstances beyond petitioner's control caused the delay. *See Rouse v. Lee,* 339 F. 3d 238, 246 ( 4th Cir. 2003). "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F. 3d 325, 330 (4th Cir. 2006). Generally, a petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstance stood in his way to prevent him from filing a timely petition. *See Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005); *Rouse,* 339 F.3d at 246. Sanchez's claim of attorney error is not the extraordinary circumstance beyond his control which would permit equitable tolling. *See Rouse*, 339 F. 3d at 248-49; *see also* Harris, 208 F.3d at 331 (attorney error interpreting a statute of limitations is not an extraordinary circumstance beyond the petitioner's control for equitable tolling). Moreover, Sanchez does not demonstrate that he has diligently pursued his rights in that he offers no further evidence of his efforts to communicate with counsel or this Court as to the status of his case during the intervening ten years before filing the pending motion.

In light of the foregoing, the motion shall be dismissed as time-barred. A separate Order follows.

| | |
|---|---|
| October 4, 2007 | /s/ |
| Date | William D. Quarles, Jr. |
| | United States District Judge |